**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG DIVISION**

> ELECTRONICALLY
> FILED
> May 02 2019
> U.S. DISTRICT COURT
> Northern District of WV

**CHRISTINA M. VOGT,**

    **Plaintiff,**

**v.**

                                        **Civil Action No.** 3:19-CV-69 (Groh/Trumble)

**MACY'S, INC.,**

    **Defendant.**

<u>**NOTICE OF REMOVAL**</u>

To:    Virginia M. Sine                       Christina Vogt, *pro se*
        Berkeley County Circuit Clerk        P.O. Box 76
        Berkeley County Judicial Center     Great Cacapon, WV 25422
        380 W. South Street, Suite 2200
        Martinsburg, WV 25401

           COMES NOW Defendant Macy's, Inc. ("Macy's"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and files this Notice of Removal to the United States District Court for the Northern District of West Virginia, Martinsburg Division, and for grounds of this Notice of Removal, states:

           1.      On April 4, 2019, Macy's was served, via certified mail, with a summons and Amended Complaint in the Circuit Court of Berkeley County, West Virginia, styled *Christina Vogt, Plaintiff, v. Macy's, Inc., Defendant*, Case No. CC-02-2019-C-101.  A copy of the Docket Sheet and all other documents on file with the Circuit Court of Berkeley County, West Virginia are attached hereto collectively as Exhibit 1.  A copy of all documents served on Macy's on April 4, 2019, including the Amended Complaint and Plaintiff's discovery requests, is attached as Exhibit 4.

2.     Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place in which the state court action was pending.

3.     This is a civil action over which this Court has original jurisdiction because Plaintiff's Amended Complaint involves complete diversity of citizenship between Plaintiff and Macy's and the amount in controversy exceeds the jurisdictional amount.

4.     At the time the state court action was filed and at the time of the filing of this Notice of Removal, Plaintiff is a citizen of the State of West Virginia. *See* Ex. 1, "Summons" (providing a Post Office Box in West Virginia for Plaintiff). During the course of her employment with Macy's Corporate Services, Inc., Plaintiff identified Great Cacapon, West Virginia as her home address. *See* Ex. 2, "Online Forms Identity and EEO Information." Plaintiff also identifies her address as Great Cacapon, West Virginia at the conclusion of her Amended Complaint. Thus, for purposes of 28 U.S.C. § 1332, Plaintiff is a citizen of the State of West Virginia.

5.     Macy's is incorporated under the laws of the State of Delaware and maintains its principal place of business in Cincinnati, Ohio. *See* "Delaware Department of State: Division of Corporations Information," which is attached as Ex. 3. Macy's is, therefore, a citizen of the States of Delaware and Ohio under 28 U.S.C. § 1332(c)(1).[1]

---

[1] As cited in her Amended Complaint, Plaintiff also has also filed a civil action styled *Christa M. Vogt, Plaintiff, v. Macy's Corporate Services, Inc., Defendant*, No. 3:16-cv-00121-GMG-RWT. That case was pending in this Court but is now on appeal to the United States Court of Appeals for the Fourth Circuit, Record No. 19-1166. In that action, Plaintiff named Macy's Corporate Services, Inc. as the Defendant. Although not a party to this action, Macy's notes that Macy's Corporate Services, Inc. is incorporated under the laws of the State of Ohio and maintains its principal place of business in Cincinnati, Ohio. *See* "West Virginia Secretary of State Organization Information," which is attached as Ex. 5. Accordingly, even if Plaintiff had named Macy's Corporate Services, Inc. as party, there would be complete diversity between Plaintiff and Defendant as they are citizens of different states.

6.     Because Plaintiff is a citizen of the State of West Virginia and Macy's is a citizen of the States of Delaware and Ohio, pursuant to 28 U.S.C. § 1332(a)(1), diversity of citizenship exists between the parties inasmuch as Plaintiff and Defendant are citizens of different states.

7.     Although Macy's disputes the merits of Plaintiff's entitlement to any recovery, the Amended Complaint and this Notice of Removal establish that the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs.

8.     Plaintiff seeks to recover damages pursuant to claims for (1) false advertising, (2) intentional infliction of emotional distress, (3) breach of contract, (4) negligence, and (5) obstruction of justice allegedly arising from her previously dismissed arbitration demand against Macy's. *See* Am. Compl.

9.     When determining the amount in controversy, "a court looks to the totality of the circumstances, including the complaint, the type and extent of the plaintiff's injuries, the amounts awarded in similar cases, and losses incurred to date of removal.  Properly analyzed, a court is not to use this information to estimate the amount a jury would award the plaintiff assuming he prevails, but rather to estimate what a reasonable plaintiff would demand or claim." *See Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 968 (S.D.W. Va. 2011).

10.    With regard to Plaintiff's intentional infliction of emotional distress claim, although the judgment was reversed on appeal, a jury returned a verdict of $500,000.00 for alleged intentional infliction of emotional distress in *Dzinglinski v. Weirton Steel Corp.*, 191 W. Va. 278, 445 S.E.2d 219 (1994).  Indeed, damages in excess of $75,000.00 for cases including the tort of "outrage" are not unusual. *See Chafin v. Logan County Comm'n.* (U.S.D.C. S.D.W. Va. Oct. 12, 2012) (Section 1983 and intentional infliction of emotion distress suit resulted in a verdict of $125,00.00 and punitive damages); *Lenahan v. Valentine & Kebartas* (Raleigh County

3

Cir. Ct. Jan. 15, 2016) (Case alleging Consumer Credit Protection violations and the intentional infliction of emotional distress resulted in judgment in excess of $109,000 but Plaintiff had stipulated to $75,000.00 damage cap). Also, under Plaintiff's intentional infliction of emotional distress claim, if there is "substantial and concrete evidence of a plaintiff's physical, emotional or psychiatric injury," a Plaintiff can recover both intentional infliction of emotional distress damages and punitive damages. *Sheetz, Inc. v. Bowles Rice McDavid Graff & Love, PLLC*, 209 W. Va. 318, 547 S.E.2d 256, 275 (2001); *id.* at n.18 (Recognizing requirement, albeit "relaxed", of "substantial and concrete" evidence of compensatory damages). Plaintiff herein alleges the Defendant knew "Plaintiff was depressed and on medication" and "further victimized the Plaintiff, and the Plaintiff's medication was increased during arbitration and her diagnosis worsened." [Complaint at ¶¶ 37-38]. "Punitive damages may be included for the purpose of determining the amount in controversy 'when they are permitted to be awarded under the governing substantive law for the claim being asserted by the plaintiff.'" *Burdette v. ReliaStar Life Ins. Co.*, No. 2:06-0210, 2006 WL 1644234, at *2 (S.D.W. Va. June 12, 2006) (quoting 14B Charles Alan Wright & Arthur R. Miller, Fed. Practice & Procedure § 3702 (3d ed. 1998)). Here, punitive damages are recoverable under the alleged tort of intentional infliction of emotional distress/outrage. In that regard, in *Weddington v. Ford Motor Credit Co.*, 59 F. Supp. 2d 578, 584 (S.D.W. Va. 1999), the Court stated that "Plaintiffs' claim for punitive damages must be added to their claim for compensatory damages in determining subject matter jurisdiction. . . . If in this case Plaintiffs are awarded punitive damages it is easy for the Court to fathom that the amount recovered could well surpass the $75,000 jurisdictional requirement, especially in light of various West Virginia courts that have let stand awards of punitive damages that far exceed the compensatory damages to be recovered in a case." [Citations omitted]; *See*

4

*also Hicks v. Herbert*, 122 F. Supp. 2d 699, 701 (S.D.W. Va. 2007) "This Court has previously found that a request for punitive damages, where properly recoverable, inevitably inflates a plaintiff's potential recovery. . . . A good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recovery punitive damages in this action.") (citations omitted). In West Virginia, if punitive damages are recoverable, they can total "four times the amount of compensatory damages or $500,000, whichever is greater." W. Va. Code § 55-7-29(c).

11.    Many of Plaintiff's remaining claims also implicate potential verdicts exceeding the requisite amount in controversy. *See, e.g., Federal Trade Comm'n v. Ramey Motors, Inc.,* (U.S.D.C. S.D.W. Va. Sep. 9, 2015) (Ramey Motors, Inc. settled with FTC for an $80,000.00 penalty for alleged false advertising); *Rice v. Comm. Health Ass'n d/b/a Jackson Gen. Hosp.,* (U.S.D.C. S.D.W. Va. Dec. 1, 1998) (Case alleging breach of employment contract resulted in judgment of $2,170,393.00, reduced to $751,564.00); *Edwards v. McElliott's Trucking, LLC,* (U.S.D.C. S.D.W. Va. Aug. 14, 2018) (Negligence case resulted in verdict in excess of $5,000,000.00).

12.    Based on the allegations contained in Plaintiff's Complaint and the damages Plaintiff seeks to recover, Macy's asserts that the amount in controversy exceeds the amount in controversy requirement.

13.    Based on the foregoing, "competent proof" exists, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Asbury-Casto v. GlaxoSmithKline, Inc.,* 352 F. Supp. 2d 729, 731 (N.D.W. Va. 2005) (quoting *Chase v. Shop 'N Save Warehouse Foods,* 110 F.3d 424, 427 (7th Cir. 1997)). Therefore, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

14.     Thus, the state court action is properly removable pursuant to 28 U.S.C. § 1441(a) and (b) to the District Court of the United States embracing the place where such action is pending.

15.     The United States District Court for the Northern District of West Virginia embraces the district in which the state court action is now pending.

16.     Macy's has complied with all provisions of 28 U.S.C. § 1446 governing the process for removal.

17.     After filing this Notice of Removal, Macy's will promptly provide written notice of the filing to Plaintiff and to the Clerk of the Circuit Court of Berkeley County, West Virginia where the state court action is pending.

WHEREFORE, Defendant Macy's, Inc. respectfully prays that the entire state court action be removed from the Circuit Court of Berkeley County, West Virginia to the United States District Court for the Northern District of West Virginia.

Respectfully submitted this 2nd day of May, 2019.

**MACY'S, INC.,**

**By Counsel**

s/ Joseph U. Leonoro
Joseph U. Leonoro (WVSB #10501)
*Attorney for Defendant*
Steptoe & Johnson PLLC
P.O. Box 1588
Charleston, WV 25326-1588
Telephone:  (304) 353-8000
Facsimile:  (304) 353-8180
Email:  Joseph.Leonoro@Steptoe-Johnson.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

CHRISTINA M. VOGT,

      **Plaintiff,**

v.

                                      Civil Action No. 3:19-CV-69 (Groh/Trumble)

MACY'S CORPORATE SERVICES, INC.,

      **Defendant.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of May, 2019, I have electronically filed ***Notice of Removal*** with the Clerk of the Court using the CM/ECF system, and on this same day have served a copy of ***Notice of Removal*** upon the parties of record by depositing a true copy thereof in the United States mail, postage prepaid, in an envelope addressed as follows:

                    Christina Vogt, *pro se*
                    P.O. Box 76
                    Great Cacapon, WV 25422

                          s/ Joseph U. Leonoro
                          Joseph U. Leonoro (WVSB #10501)
                          *Attorney for Defendant*
                          Steptoe & Johnson PLLC
                          P.O. Box 1588
                          Charleston, WV 25326-1588
                          Telephone:  (304) 353-8000
                          Facsimile:  (304) 353-8180
                          Email:  Joseph.Leonoro@Steptoe-Johnson.com

541150.00017